# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHAD W. REED,
Plaintiff,

V.

Case NO: CIV-16-461-C

JASON BRYANT, et al.,
Defendants.

FILED
MAR 20 2017
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMENDATION

Comes Now, Plaintiff, Chad William Reed, Pro Se, With his objection to the Report and Recomendation in this case Entered on February 6th, 2017. Plaintiffs due date to File his objection is February 27th, 2017. Plaintiff states the following:

1. Plaintiff Request a De Novo Review Because the Magistrate Judge Failed to Do Any Adversarial fact finding in this case. As in the fact that

(1)

Both Parties relied on Materials outside the pleadings in presenting and responding to Defendants motion to Dismiss. The Magistrate ONLY looked at the Defendants Version of facts and Not the Plaintiffs And Basicly Accepted the Defendants Version as Being true and uncontested in violation of Rule 56. Now Plaintiff In his verified and sworn to Complaint clearly Contested the fact that he did Not USE Some one else's Card and Take a regualar tray. See Document 1 Page 2A it Clearly states Facts to Support Claims And if the Court will check page 4 of Document 1 it was Clearly sworn to Under 28 U.S.C. § 1746 so that is Considered a affidavit when Considering Summary Judgment on the screening of disputed Material facts but the Magistrate used only the defendant version of events to decide whither to grant Summary Judgement which is clearly wrong because the magistriate is supposed to rule all reasonable inferences in the Non moving parties favor. This clearly shows Bias by the

Q. Magistrate to Believe the state Version of events and not the plaintiffs.

Now Plaintiff Attached to his Objection to Motion to Dissmiss a Affidavit[1] signed under penalty of perjury (28 U.S.C. § 1746) By Steven Heffron who seen plaintiff come into the Chow hall and never get any kind of tray of food at all (Kosher or Regulaur) that was evidence to support this Plaintiffs verified Statement in his original Complaint. that plaintiff did not use someone else's card and take a tray on the moring of December 17, 2015.

So the fact of whether Mr. Reed the Plaintiff took another tray or not is in dispute and should be decided by the jury not the Judge who on his own accord Basiclly decided this credibilty issue which is Innapproperate Because under FRCP 56 The Court will not weigh the Credibilty of witnesses or other evidence in ruling on a Motion for Summary Judgement. Evaluating credibility, weighing evidence, and drawing factual inferances are all functions reserved for the jury.

---

1. Exhibit #2 in plaintiff's objections to Defendants motion to Dismiss filed Dec. 21 2016

(3)

2. Plaintiff alleged in his Verified Complaint (Document 1) on page 2 B (1) "The Defendants Conspired to Withhold food from plaintiff and Kick him of his Religious diet of Kosher in Retaliation for a threatened lawsuit over discrimination and the use of the grievance process." and then again at page 2 B. Now to Support this allegation Plaintiff presented a Affidavit[2] by Inmate Christopher Henshaw detailing the fact that F.S.S. Kelly Curry told F.S.S. Rowenna Bell to falsely Accuse the plaintiff of takeing a regular tray 1 day or 2 days Before Plaintiff was falsely accused of Using another Inmates Card to take a regular tray on 12-17-2015. Therefore these 2 defendants should not get qualified immunity Because they Comspired and Intentionaly violated plaintiffs rights.

At IX IN The Magistrates R&R, the Magistrate Claims it was Only a Isolated diminis Instance of denying Plaintiff he Religious Diet of Kosher yet Plaintiff was removed for a 120 days on the Illegal actions of F.S. Curry and F.S.S. Bell.

Furtheremore plaintiff can't even go and resign back up without lying on the religious diet Form[3] and admitting to a Violation that he did Not

---

2. Exhibit 1 In Plaintiffs Objection to Defendants Motion to Dismiss which was filed December 21, 2016.

Do. And according the Code of Jewish law, it is a sin to Intentionaly lye and mislead People. So therefore its a ongoing Constitutional violation And the Magistrate judge should have ruled thru reasonable inferance in the plaintiffs favor not the moving partys In giving these people Qualified Immunity and should have denied FSS Curry and F.S.S. Bell Qualified Imminity for thier actions Thus, the evidence of the non moving party will be believed as true, all doubts will be construed in the light most favorable to the non moving party, which is the plaintiff in this case, and all reasonable inferances will be drawn in the non moving party's favor. Further More when defendant Kelly Curry said "vell Just See about that" when plaintiff threatened his lawsuit over discrimination this goes to her state of mind which is Retaliation by kicking plaintiff of his Kosher meal. Issues of state of mind are to be decided by the Jury and are not to be settled on summary Judgement.

X. Retalitory Misconduct Charge of Disrespect of staff.
If Captain Bell would have asked for plaintiff's Name and DOC# Immedietly when Plaintiff said the "B" word that would have been fine but Captain

Religious Diet Form
3. Attachment C OP-030112 has a section on the Religious diet request Form listed Previous violations and date of the Most recent violation

Does not Ask for Plaintiffs Name and DOC# until Plaintiff comes back into the Chow hall the 2 Second time and seen Plaintiff with the Request of Staff in his hand And Plaintiff requested that the Chow Hall video be Saved thats when Defendant Captain Bell stated "Allright reed you want to file your paperwork I'll just file mine give me your name and DOC#" Thru reasonable Inferance this clearly show's Defendant Captain Bell was not going to write plaintiff up until he seen plaintiff was going to exicise his right to file legitimate grievances And the Magistrate failed to rule this reasonable Inferance in the Plaintiff's favor like he is supposed too. And Defendant Lawrence bell should not be entitled to Summary Judgement on the basis of Qualified Immunity Because A Jury Could Come to that Conclusion and Inferance.

XIII Retaliatory Imposition of Period of Grievance Restriction
A Reasonable inferance could be made against Defendant Bryant for Putting Plaintiff on Grievance Ristriction Out of Retaliation Because the Multiple Grievances and R.T.S on grievances ~~[scratched out]~~ I filed on this case under sensitive grievances against Lawrence Bell and Rowenna Bell I was told to send R.T.S

(6)

to F.S.S. Kelly Curry which Plaintiff did what he was told to do By Warden Bryant and then Warden Bryant used those actions he told me to do as the Basis for the 12 month Grievance Restriction[4] And thru Reasonable Inference a Jury Could find in the plaintiffs favor that Defendant Bryant Retaliated and put Plaintiff on grievance restriction in retaliation for filing ligitmate grievances and to Impead this Plaintiffs access to the Courts. Because if you cant get your restriction Affidavit right you loose and you must exhaust Before filing your suit But the Supreme Court in Ross vs Blake done away with Warden Bryants Plan. So Warden Bryant the Defendant should not get Qualified Immunity on this claim

XIV Eigth Amendment Claims

The Intentional withholding of food as a disiplanary measure Clearly violates the 8th Amendment and Furthermore violates ODOC OP-070202 Page 8 at VI.(A) Clearly states Food will not be withheld, nor the Master menus varied as a disciplinary sanction. And Defendants Rowenna bell and Lawrenee Bell should not be entitled to Summary Judgement under Qualified Immunity. And the Magistrate should have

---

4. Exhibit 5 in Plaintiffs objection to dismiss filed December 21, 2016

(7)

Ruled in the Plaintiff's favor like he is Supposed to And Furthermore a Jury could easly Come forth and rule in plaintiff's favor on this Claim.

Plaintiff on Page 26 of his Verified Complaint Complained of Not Recieving Due Process When he was removed from his religious diet of Kosher. Plaintiff did not recieve a hearing so at said hearing Plaintiff Could have Called a witness in to refute F.S.S. Rowenna Bell's Allegation of plaintiff using someone else's Card and getting a regualar tray. That witness Steve Heffron[5] Seen that I did not recieve any food at breakfast on 12-17-2015 furthermore plaintiff could have presented the video from the Chow Hall which would have proved plaintiff was Innocent of this allegations.

But the O.D.O.C. does not have any policcy in place to give you Due process when your are taken "off" Kosher. Someone files a Incident report, which you never get to see, the Chaplain reviews it then Sends it to Leo Brown at O.D.O.C. Headquaters Leo Brown then Send a email back to the Chaplain Drawbridge, the Defendant, the Chaplain then emails the Kitchen telling them to Remove you from your Kosher Diet. You Never get a hearing or notice for that Much. Now a Injunction is needed so you can recieve Due Process. Plaintiff is Attaching a Copy of A Injunction

---

5. Exhibit 2 In plaintiff's objection to Motion to Dismiss filed December 21, 2016 is Steve Heffrons Sworn Affidavitt.

that was obtain by the U.S. goverment Against the Secetary, Florida Department of Corrections.⁶ In this Injunction against Florida D.O.C. on page 7 of 8 the Court will see "Exhibit A" this form clearly gives you due process wich gives you notice, a chance to explain your side of the story (Im sure you could attach affidavitts also since it says you can Add additional sheets if nessecery at part A: Facts for Consideration) Part B: Chaplaincy Review clearly has a spot where the Chaplain can call you in for a Interview and/or hearing Part C Disposition it has a Counseling only no ~~Supervision~~ Suspension which Proves the fact that the "Zero tolerance policy" was removed from the Florida DOC Religious diet Program.⁷

And a Injunction to force Oklahoma D.O.C. to Adopt the ~~same~~ policey is need so you can receive due process if you are removed from your Kosher diet. Now the Defendants did Not Address this Issue in thier Motion to Dismiss and ~~~~ The Magistrate did not address this Issue in his report and Recomendation So I guess Counsel needs to be assigned just to address this Issue to the Court on the plaintiffs behalf.

Also plaintiff Could find NO Cases where the Oklahoma D.O.C. Religious Diet "Zero tolerance" policy has been tested under <u>Turner v. Safley, 482 U.S. 78 (1987)</u> And plaintiff in this case has put

---

6. Plaintiff Qouted this Case in his verified Complaint.
7. Judge Sietz Ruled that the "Zero tolerance" policy violated the RLUIPA in this Case And Issued a permanent Injunction.

(9)

forth other ways to punish people if they are caught straying from thier Kosher Diet. Now in <u>Kupperman v. New Hampshire DOC.</u> <u>2007 U.S. Dist Lexis 32859</u> The Judge in <u>Kupperman</u> issued an Emergency Injunction placing the Jewish inmate back on his Kosher meal And told the New Hampshire Doc to find another way to punish a Inmate when they committed Isolated Instance of Dietary Infractions. The Judge in <u>Kupperman</u> stated that the New Hampshire D.O.C. policey failed the <u>Turner v. Safly</u> test. This Zero tolerance policey places you in a "Hobson Choice" the ODOC. has.

IN the Report and Recomendation on Page 27 the Magistrate say he not found a Supreme Court or tenth Circuit Court of Appeels oppion that holding that prision officials violate the First Amendment or RLUIPA when they suspend pursuant to established policey et. But yet the Attached Case <u>U.S. V Secatary Florida Dept. of Corrections</u> say that it does which should be "persuasive authority."

Your honor for the reasons stated above and because the Judge failed to totally be nuetral and turned into a advocate for the defendants using nothing but thier version of events to Grant Summary Judgement of Qualified Immunity. This plaintiff request that it does not adopt the report and recomendation of the Magistrate Judge and allow a countinuee to allow plaintiff to do discovery.[8] Plaintiff

---

8. Plaintiff served defendants with request for production of the chow hall video by mail on February 22nd 2017.

Alleges under Rule 56 of F.R.C.P. the evidence of the non moving party will be believed as true all doubts will be resolved against the Moving Party, all evidence will be Construed in the nonmoving party favor and all reasonable Inferences will be drawn in the non moving partys favor. But yet the Magistrate failed to do this in Ruling on his Converted Motion for Summary Judgement. The Magistrate Completly Ignored this Plaintiff's Affidavit's and Verified Complaint. Plaintiff's Case Clearly has Merit and it should be tried in Court by a Jury not by the Magistrate on Summary Opion.

Therefor plaintiff ask for the following:

1. Deny Qualified Immunity for Defendants Jason Bryant, Kelly Curry, Rowenna Bell, Laweranee Bell for the following:
   A. Retalitory Claims.
   B. Violation of RLUIPA Claims.
   C. Violation of 1st Amendment Claims.
   D. Violation of 8th Amendment Claims.

2. Declaratory Relif that DEfendant Chaplain Jay Drawbridge did not give Plaintiff Due Process when he Removed Plaintiff from his religous Diet by Not giving Plaintiff a hearing to present evidence in his defense.

3. Injunction Directing O.D.O.C. to Implement a Policiy So People Can Recieve Due process when being Removed from the Religous Diet Program.



4. Plaintiff has sent in a amended complaint with a motion to amend complaint which was filed March 6th, 2017. unto which the Court has not ruled on. which the Court should allow plaintiff to amend in the intrest of Justice.

Therefore for the following reason stated above plaintiff made a primia facia case on every claim brought forth in in verified sworn complaint and Plaintiff Prays the Honorable Court Doe not Adopt the report and recomendation. Thank you

Respectfully Submitted
Chad William Reed
Chad William Reed #584428
Pro Se, Petitioner/Plaintiff
Helena J.C.C.C
216 N. Murray St
Helena OK 73741

Declaration
Pursuant to 28 USC 1746, 18 USC 1621, I delare under penalty of perjury, that the foregoing is true and correct. Excuted on March 8th 2017 at James Crabtree Correctional Center in Helena, OK

s. Chad William Reed #584428

(12)

## Certificate of Mailing

I hereby certify that on the 8th day of March, 2017, I mailed a true and correct copy of the attached document, Plaintiff's objection to Magistrates Report and Recomendation, by first class mail to the Defendants Attorney and the Western District Federal Court Clerk at the following address:

Oklahoma Attorney Generals office
Asst. Attorney General
John Hadden
313 NE 21st street
Oklahoma City OK 73105

Office of the Clerk
US District Court for
Western District of Oklahoma
U.S. Court Clerks office
200 N.W. 4th street
Oklahoma City, Oklahoma 73102

s/ Chad William Reed
Chad William Reed #584428
Pro Se, Plaintiff

## Declaration/Affidavit

Chad William Reed, being Competent to make this declaration and having personal knowledge of the matter stated thereon, declares pursuant to 28 U.S.C. § 1746:

1. I am the plaintiff in case NO CIV-16-461-C In the United states district Court for the Western District of Oklahoma.

2. I am Invoking the Prisioner Mail box Rule.

3. I placed the Attached objection to the Magistrates Report and Recomendation into the J.C.C.C. Law Library Supervisor Mr Gibson's hand to be mailed to the Court on the 8th day of March 2017. by U.S. Postal service

4. Plaintiff due date to file this objection is March 9th 2017.

Pursuant to 28 U.S.C. § 1746, 18 U.S.C. § 1621, I declare under penalty of perjury that the foregoing is true and correct Executed on March 8th, 2017 at James Crabtree Correctional Center in Helena, OK.

s Chad William Reed
Chad William Reed #584428
Pro Se, Plaintiff