IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD WILLIAM REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-16-461-C |
| | ) | |
| JASON BRYANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

FIFTH SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed a "Motion for Rule 54(b) Certification." Doc. No. 154.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended Plaintiff's Motion be denied.

I.  Background Information

On August 20, 2019, this Court entered an Order Adopting Report and Recommendation in which the Court granted Defendants' Motion for Summary Judgment against each of Plaintiff's claims except his First Amendment retaliation claim as asserted against Defendant Jay Drawbridge.  Doc. No. 146.  In his current Motion, Plaintiff requests this Court grant a Rule 54(b) certification indicating that

the Tenth Circuit Court of Appeals should consider the claims against which this Court previously granted summary judgment, in spite of the fact that a claim remains pending before this Court. Doc. No. 154 at 2.

II. Legal Standard

Fed. R. Civ. P. Rule 54(b) outlines the certification process:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.*

The purpose of Rule 54 "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Charles A. Wright, Federal Practice and Procedure: Civil § 2654 (4th. ed. 2019). As a result, "[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* Generally, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when

dismissal of less than all their claims will create undue hardships." *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973).  The Rule 54(b) standard has two prongs.  "First, the district court must determine that the order it is certifying is a final order." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).  "Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Id.*

III. Analysis

Under the first prong of the analysis, the Court must determine whether the subject ruling is a final ruling or judgment.  "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Okla. Tpk. Auth.*, 259 F.3d at 1243.  A claim is generally understood to be all the connected elements of a particular case. *Id.*

In the present case, Plaintiff asserted, *inter alia*, a First Amendment retaliation claim against Defendants Curry and Drawbridge.  The Court granted summary

judgment in favor of Defendant Curry on this claim based on Plaintiff's failure to exhaust his administrative remedies. Doc. No. 138 at 18-22, 33; Doc. No. 146. As noted, the First Amendment retaliation claim against Defendant Drawbridge remains pending before this Court. The First Amendment claims against Defendants Curry and Drawbridge arise from the same nexus of facts and are not separate and distinct from each other. Accordingly, Plaintiff cannot meet his burden under the first prong of the Rule 54(b) analysis and, as a result, this Court should deny Plaintiff's request for certification under the same.

## RECOMMENDATION

Based on the foregoing findings, it is recommended Plaintiff's Motion for Rule 54(b) Certification (Doc. No. 154) be denied. Plaintiff is advised of his right to file an objection to this Fifth Supplemental Report and Recommendation with the Clerk of this Court by ___November 6th___, 2019, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Fifth Supplemental Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Fifth Supplemental Report and Recommendation does not dispose of all

issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this __17th__ day of __October__, 2019.

                                              /s/ Gary M. Purcell
                                              GARY M. PURCELL
                                              UNITED STATES MAGISTRATE JUDGE